JOSEPHINE SOLOMON *v.* A. Y. WONG AND
WILLIAM KELIINOE.

No. 2342.

SUBMITTED SEPTEMBER 16, 1938.  DECIDED OCTOBER 10, 1938.

PETERS AND KEMP, JJ., AND CIRCUIT JUDGE BROOKS
IN PLACE OF COKE, C. J., ABSENT.

OPINION OF THE COURT BY KEMP, J.

This is an action for damages for personal injuries
suffered by the plaintiff in a collision between two automo-
biles, one owned and driven by the defendant Keliinoe, in
which plaintiff was a guest passenger, and the other owned
by the defendant Wong, which was, at the time of the

collision, being driven by one Henry E. Gomez. The allegation in the complaint, designed to charge the defendant Wong with responsibility for the alleged negligence of the driver of his automobile, is that the defendant A. Y. Wong "through his duly authorized agent and servant, acting within the scope of his employment," was operating said automobile at the time of said collision. A consideration of the specific acts of negligence attributed to the two drivers is not necessary to a determination of the issues presented by the defendant Wong's bill of exceptions before us.

At the trial the plaintiff called for and had produced a written agreement between the defendant Wong and the driver Gomez under which Gomez was to use the automobile which he was driving at the time of the collision, said agreement being as follows: "To whom it may concern: I do hereby agrees to used Mr. Wong's car as a taxicab in my business; gas & oil to be supplied by him; for which consideration, I am to pay him 60 (sixty - per - cent) of what I earns and also damages done to others, personally or materially, while using his car. (Wong's) and also damages & expenses on Mr. Wong's car.

Witness.          Signed
    Ruth C. Wong          Henry E. Gomez
    Dated Nov. 11, 1934.      A Y Wong"

The plaintiff also called as witnesses the defendant Wong and one Gladys Won, who was at the time of said accident in the employ of the defendant Wong as a dispatcher. These witnesses gave evidence tending to show additional terms of the agreement between the defendant Wong and the driver Gomez. From this evidence it appears that the defendant Wong owned, managed and operated the Two Bit Cab Company, a combination taxi

stand and service station; that there were some ten cabs operating from said stand, seven or eight of which were owned by the defendant Wong, one of which number was the cab operated by Gomez; other operators rented stalls from Wong and operated their own cabs; Wong advertised the rates per mile charged by all cabs operating from his stand and employed a dispatcher who assigned calls to the various cabs in rotation, there being no obligation on the part of an operator to take the call in his turn. If, however, he did not take the call when his turn came he was placed at the end of the list. From the evidence of these witnesses it appears that Wong permitted Gomez to make special arrangements with clients and that at the time of the accident in question Gomez had special arrangements with a tourist client living at the Royal Hawaiian Hotel who was paying him $50 a week for the use of his cab. It also appears that at the time of the accident he was responding to a call from this client. Plaintiff also elicited from the defendant Wong testimony as to his agreement with Gomez which tended to vary some of the terms of the written agreement. Wong testified that the dispatcher kept a record which showed the time the cab went out, the time it returned, the mileage it had traveled while out and that payments were made to him on the mileage basis, that is, he was paid 60% of the advertised rate, based on the mileage involved in the call, and that whenever Gomez took the car out he paid to Wong 60% of the advertised rate regardless of whether or not there was a fare. Miss Won, however, testified that when Gomez returned from a call he paid to Mr. Wong 60% of the fare and retained 40%. She also said that under the special arrangement with the tourist client Mr. Wong was paid 60% of the $50 per week retainer. Mr. Wong's testimony is to the effect that he had nothing whatever to do with the contract with the tourist and was not interested in the money

which Gomez was receiving from the tourist and that his compensation for the use of his cab was on the mileage basis, not only for casual calls but while being used by the special client. It is undisputed that Gomez paid for the repair of the damage to Wong's car occasioned by the collision, in accordance with the terms of the written agreement.

At the close of the plaintiff's evidence the attorney for the defendant Wong moved for a directed verdict on the ground that "there has been no showing that Henry Gomez, the driver of the car, was a servant or agent of A. Y. Wong; there has been no showing that as such agent he was on his master's business; there has been no showing that this was done within the course of his employment, or that he was in any manner under the control or direction of A. Y. Wong. The allegations of the complaint are to the effect that all of these acts were done by the defendant A. Y. Wong through his duly authorized agent and servant, acting within the scope of his employment." The motion for a directed verdict was denied by the court, the court stating that he denied the motion "on the authority of 4 Berry, section 4.479 and 4.480, and Ruling Case Law, I think the volume is 27, on partnership, section 126, relating to the joint and several liability of the joint venture or partnership amounting to joint venture, or joint venture amounting to partnership, whichever is the way of stating it."

Plaintiff's requested instructions Nos. 3, 4 and 6, given over the objection of the defendant, read as follows: Instruction No. 3: "You are instructed that if you find from the evidence that Henry E. Gomes was negligent in the operation of the automobile driven by him at the time and place set forth in the complaint, and if you further find from the evidence that the said Henry E. Gomes and the defendant A. Y. Wong were engaged in the taxi business

as joint adventurers or as partners, and that the negligence of the said Henry E. Gomes was the proximate cause of the injury to the plaintiff, then you must find for the plaintiff and against the defendant A. Y. Wong. If you find from the evidence that the defendant William Keliinoe was negligent in the operation of his automobile at the time and place mentioned in the complaint, and that the negligence of the said defendant William Keliinoe was the proximate cause of the injury to the plaintiff, then your verdict must be for the plaintiff and against the defendant William Keliinoe." Instruction No. 4: "You are instructed that as a matter of law partners or joint adventurers are jointly and severally liable for the tortious acts of anyone of the members committed in the performance of the partnership business or the business of a joint adventure." Instruction No. 6: "If you find from a preponderance of the evidence that the defendant A. Y. Wong was the owner of the automobile driven by Henry E. Gomes and that the said A. Y. Wong did hire the same to the said Henry E. Gomes under an arrangement whereby the Defendant Wong was to share in the proceeds of the business and that the Defendant Wong at the time and place in question was rendering services in connection with the business then the Defendant Wong and Henry E. Gomes are joint adventurers."

The court refused to give the defendant Wong's requested instruction No. 1, which reads: "There is no evidence in the record in this case upon which reasonable men may differ as to the non-liability of Defendant, A. Y. Wong, for the injuries suffered by Plaintiff in this case. You are accordingly directed to return a verdict against the Plaintiff and in favor of Defendant, A. Y. Wong." The court also refused to give his requested instruction No. 11, as follows: "Before you can find a verdict for the Plaintiff and against the Defendant, A. Y. Wong, you must be satisfied from a preponderance of the evidence that the relation

of master and servant existed between A. Y. Wong and Henry E. Gomes at the time of the accident, and unless you so find, you must bring in a verdict in favor of A. Y. Wong and against the Plaintiff." Defendant Wong requested the court to give the following instruction, with the exception of the words included in brackets, which were inserted by the court as an amendment and given as amended over the objection of the defendant Wong: "You are instructed that to determine the question of liability of the Defendant, A. Y. Wong, for the alleged negligent act of Henry E. Gomes, you must be satisfied from a preponderance of the evidence that said Henry E. Gomes was negligent, that his negligence was the proximate cause of the injuries alleged by Plaintiff, that the relation of master and servant [or joint adventurer or partnership] existed between A. Y. Wong and Henry E. Gomes at the time of the accident and that the alleged negligent acts of Henry E. Gomes were within the scope of his authority as the alleged servant of A. Y. Wong [or in furtherance of a joint adventure or partnership business], and that the Plaintiff was not contributorially negligent."

The court gave defendant Wong's requested instruction No. 13, as follows: "You are instructed that to constitute the relation of master and servant for the purpose of fixing liability for alleged negligent acts done by the servant in the scope of his employment three things are indispensible: (1) the right to select the person claimed to be a servant; (2) the power and duty to control the alleged servant while in his employ; (3) the right to discharge the alleged servant for misconduct, neglect of duty, or other cause. If you are not satisfied from a preponderance of the evidence that all three elements are present in the alleged relationship of master and servant between A. Y. Wong and Henry E. Gomes, then you will return your verdict in favor of A. Y. Wong on such issue."

The case having been submitted to the jury upon the foregoing instructions, it returned a general verdict in favor of the plaintiff and against the defendant A. Y. Wong for damages in the sum of $2500, and judgment for that amount was entered against said defendant Wong. The defendant Wong's bill of exceptions brings up for review the action of the court in refusing to grant his motion for a directed verdict and the giving of plaintiff's instructions Nos. 3, 4 and 6, the refusal to give the defendant's requested instructions Nos. 1, 11 and 12, and the giving of No. 12 as modified or amended by the court.

Had the writing contained all of the terms of the agreement between the defendant Wong and the driver Gomez for the use of the automobile involved in the accident and it being free from ambiguity, we would ascertain from it alone the relationship which existed between the defendant Wong and the driver Gomez. Since said writing apparently did not contain all of the agreement between Wong and Gomez on the subject we must take into consideration the oral as well as the written evidence of that relationship. We believe that neither the additional terms nor the slight variation of the terms of the agreement shown by defendant's testimony indicates a relation different from that shown by the written agreement. It is then as though there was no conflict in the evidence.

What then was the relationship between Wong and Gomez as shown by the evidence? We believe the record shows conclusively that Gomez was employed to operate one of Mr. Wong's taxicabs on commission and that the court might very properly have told the jury so, leaving for the jury the remaining elements of liability. There was therefore no variance between the allegations and the proof.

Having found that the court would have been justified in instructing the jury that the uncontroverted evidence showed that Gomez was an employee of the defendant

Wong and therefore liable for his negligence, we fail to see how leaving to the jury the question of whether or not they bore to each other a different relationship could be prejudicial to the defendant. It is elementary that there will be no reversal of a proper judgment for error not prejudicial to the appellant.

For the reasons stated we are of the opinion that the exceptions should be overruled and it is so ordered.